UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| TAMIR T. CLARK | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:14-0916 |
| | ] | Judge Trauger |
| SHERIFF ROBERT ARNOLD | ] | |
| Defendant. | ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Robert Arnold, Sheriff of Rutherford County, seeking damages.

On February 24, 2014, the plaintiff arrived at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. For the first three days of his stay there, he was forced to sleep on the floor of his cell due to overcrowding. The plaintiff was then moved to a cell that had no operating sprinkler system. The plaintiff believes that the defendant exposed him to unconstitutional conditions of confinement.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451

U.S. 527, 535 (1981).

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

In this case, the plaintiff's allegations do not rise to the level of a constitutional violation. While he was clearly uncomfortable with conditions at the Rutherford County Adult Detention Center, the plaintiff's allegations do not suggest that he was denied any of the necessities of life. The Constitution does not mandate comfortable prisons. Rhodes v. Chapman, 452 U.S. 337,349 (1981). Thus, the plaintiff has failed to state a claim upon which relief can be granted.

When a prisoner plaintiff has failed to state a claim for relief, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge